Otto and Anna **BISCHEL, Plaintiff(s),**

v.

**UNITED STATES of America, Defendant(s).**

No. **2:04CV1537–RLH–RJJ.**

United States District Court, D. Nevada.

Feb. 7, 2006.

Thomas E. Crowe, Thomas E. Crowe, PLC, Las Vegas, NV, for Anna Bischel, Otto Bischel, Plaintiffs.

Daniel G Bogden, U.S. Attorney's Office, Las Vegas, NV, John B. Snyder, III, U.S. DOJ—Tax Division, Washington, DC, for United States of America, Defendant.

## ORDER

(Motion for Summary Judgment-# 14)

HUNT, District Judge.

Before the Court is Defendant United States' **Motion for Summary Judgment** (# 9, filed September 20, 2005). Plaintiffs Bischel filed their Opposition (# 14), to which the United States filed a Reply (# 16).

### BACKGROUND

This case seeks a tax refund (of $12,164.00) involving a disallowed deduction. Plaintiffs Bischel owned a cattle ranch in New Mexico, which they sold in 1998 (although the deed is dated in 1990). In connection with that ranch, the U.S. Forest Service issued them a permit to graze livestock on the Apache Creek Allotment, a parcel of government-owned land located in the neighboring Gila National Forest. The maximum number of livestock that could be grazed on the land was 57.

The grazing permit, normally issued for 10 years, does not permit the permit holder to transfer or sell the grazing permit. By regulation, if the permit holder sells the base property (*i.e.*, the property held in fee; the ranch), the permit must be waived back to the United States, or it will be cancelled. 36 C.F.R. § 222.3(c)(1)(iv-v). Accordingly, when the Bischels sold the ranch, the grazing permit was waived back to the United States.

Plaintiffs filed an amended income tax return for 1998 and sought to deduct the alleged value of the grazing permit, claiming a deduction for a charitable contribution of $40,000, the alleged value of the grazing permit. The deduction was denied and Plaintiffs brought this refund action, seeking to treat their waiver of the grazing permit as a charitable contribution.

### DISCUSSION

Plaintiffs do not contest the settled facts of this case as described by the United States. The issues which remain are legal ones: (1) do Plaintiffs hold a viable property interest in the permit which has a value; (2) if so, can that interest be donated, contributed, conveyed or otherwise transferred; and (3) if so, did Plaintiffs meet the statutory requirements for substantiating or qualifying the contribution? The answer is "no" to all three issues.

### A. NO PROPERTY INTEREST

The governing regulations are clear that grazing and livestock use permits convey no title, right, or interest to the permit holder. 36 C.F.R. § 222.3(b). A rancher can normally only obtain such a permit if the rancher owns private lands used for grazing, known as the "base property." 36 C.F.S. § 222.1(b)(3). If a permitee sells his base property, the permit must be waived back to the United States, or it will be cancelled. 36 C.F.R. § 222.3(c)(1)(iv-v).

The Supreme Court has held that, "The provisions of the Taylor Grazing Act. . . make clear the congressional intent that no

compensable property might be created in the permit lands themselves as a result of the issuance of the permit." *United States v. Fuller*, 409 U.S. 488, 494, 93 S.Ct. 801, 35 L.Ed.2d 16 (1973). It further held there was no authorized compensation even for any value added to the fee lands (the base property). *Id.* In *Fuller*, the government had condemned some of a property owner's fee land and the owner wished to value the condemned property by adding the value of the grazing permit. The Ninth Circuit held he could include that value in the appraisal of the condemned land. *United States v. Fuller*, 442 F.2d 504 (9th Cir.1971). However, the Supreme Court reversed, after stating the quote above, explaining, "Given that intent, it would be unusual, we think, for Congress to have Turned around and authorized compensation for the value added to fee lands by their potential use in connection with permit lands. We find no such authorization in the applicable congressional enactments." *Fuller*, 409 U.S. at 494, 93 S.Ct. 801.

## B. *WAIVER NOT A CONTRIBUTION OR DONATION*

The Supreme Court, in the *Fuller* case, reasoned that if the owner of fee land could demand value in the permit, " 'he gets the value of a right that the Government in the exercise of its dominant servitude can grant or withhold as it chooses.... To require the United States to pay for this ... value would be to create private claims in the public domain.' " *Fuller*, 409 U.S. at 493, 93 S.Ct. 801, *citing United States v. Rands*, 389 U.S. 121, 125, 88 S.Ct. 265, 19 L.Ed.2d 329 (1967); quoting *United States v. Twin City Power Co.*, 350 U.S. 222, 228, 76 S.Ct. 259, 100 L.Ed. 240 (1956).

The Fifth Amendment requires no compensation, nor authorizes the attachment of any value to grazing permits to qualify a permit holder to claim an interest or value

donated as a charitable contribution. The United States received no value when Plaintiffs waived their permit back to it. It already held all right, title and interest in that property. Plaintiffs held none. One cannot donate something one does not own or possess.

## C. *WAIVER DID NOT QUALIFY AS A CONTRIBUTION*

Section 170 of the Internal Revenue Code provides that taxpayers may deduct the value of property contributed to a charitable organization, including property contributed to the United States, from their gross income in the year of the contribution. 26 U.S.C. § 170(a), (c).

In order to deduct a charitable contribution of $250 or more, a taxpayer must substantiate the contribution with a contemporaneous acknowledgment of the contribution that describes (but does not value) any property donated and the nature and value of the benefits provided to the taxpayer by the donee organization in exchange, if any. 26 U.S.C. § 170(f)(8)(A-B).

By the waiver, Plaintiffs are not contributing anything of value. They are merely terminating their grazing permit. Plaintiffs failed to obtain a contemporaneous acknowledgment of the alleged contribution from the donee (United States). The Bischels claim that a letter from District Ranger John R. Baldwin, discussing their decision not to renew the permit, meets the requirements noted above. However, it fails to describe the property allegedly contributed; the terms of the permit are not described; it mentions neither the cost of the permit nor the grazing rights authorized, nor the conditions required to maintain it.

The grazing rights were without value for a charitable donation purposes. Although Plaintiffs Bischel produced a purported "appraisal" of the grazing permit,

**1214**

that appraisal addresses the grazing permit as though it were a "leasehold estate." This is not a leasehold estate, which has property rights. It is a permit, which, by law, has none.

The "appraisal" claims to value the "leasehold estate" based upon "market value," using a "market value estimate." The fallacy of this approach is that there is no "market value" in the grazing permit because the grazing permit cannot be marketed. It cannot be assigned, sold, conveyed or transferred by the Bischels. The fallacy of the evaluation is that it is based upon the market value of the number of livestock the grazing permit allows on the land, *i.e.*, 57. It estimates the value of each animal (animal unit) at $700. $700 times 57 equals $39,900 (apparently rounded to $40,000). This valuation has an enormous flaw. The cover letter with the attached appraisal is dated December 29, 1998. The Effective Date of Appraisal is December 26, 1998. The termination date of the grazing permit is December 31, 1998, five days later. It cannot be renewed by the Bischels because they have sold their ranch. Accordingly, the permit, at the time of the appraisal, was no longer valid. Therefore, it had no value. For all the foregoing reasons, it does not qualify as a charitable deduction.

The Internal Revenue Service was justified in denying Plaintiffs' claim of a deduction for a charitable contribution of $40,000 from their waiver of their grazing permit rights.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant United States' **Motion for Summary Judgment** (# 9) is GRANTED, and judgment shall be entered accordingly.